UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY JAMES MORALES, | Case No. 1:20-cv-00894-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY MOTION FOR STAY AND ABEYANCE SHOULD NOT BE DENIED |
| v. | |
| A. COVELLO, | RESPONSE DUE IN SIXTY DAYS |
| Respondent. | ECF No. 1 |

Petitioner Sonny James Morales, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Here, petitioner states one fully exhausted claim for relief: that the evidence at trial was insufficient to support his conviction. ECF No. 1 at 5-6.

Also before us is petitioner's motion for a stay and abeyance under *Rhines*. *Id.* at 40-46. Petitioner seeks to exhaust two additional claims before the state courts: (1) that the prosecutor failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963),

1

and (2) that petitioner received ineffective assistance of counsel at trial. *Id*. Because petitioner has failed to demonstrate that he meets the requirements for a stay and abeyance under *Rhines*, we will order him to show cause why his motion should not be denied.

**Discussion**

"Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Therefore, a "stay and abeyance should be available only in limited circumstances." *Id*. Under *Rhines*, a stay and abeyance of a habeas petition is available where a petitioner can show good cause for his failure to exhaust his claims in state court, that his claims are not plainly meritless, and that he has not engaged in abusive litigation tactics.[1] *Id*. at 278. Upon this showing, the petition may be stayed while petitioner exhausts his claims at the state level. Once a petitioner has exhausted his claims, he may return to federal court with his fully exhausted petition.

Although the Supreme Court has not defined what constitutes "good cause" for a *Rhines* stay, in the Ninth Circuit, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust.[2] *See Blake v. Baker*,

---

[1] Although petitioner exclusively seeks a stay under *Rhines*, an alternative procedure for the stay and abeyance of habeas petitions exists in our circuit under *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002). However, a stay under *Kelly* "does nothing to protect a petitioner's unexhausted claims from untimeliness." *See King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009). To be timely under *Kelly*, his new claims must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d) or (2) "relate back" to the claims contained in the original petition that were exhausted at the time of filing. *See King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005). To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*. Here, petitioner has waited until nearly the end of the federal statute of limitations period to file his federal habeas petition and his new claims do not appear to relate back to his original claim. Therefore, a stay under *Kelly* would not likely provide petitioner the relief he seeks.

[2] Notably, "the first element of the *Rhines* test can easily be established to the extent [petitioners] were without counsel" during the period relevant to state-level exhaustion in post-conviction

745 F.3d 977, 980-82 (9th Cir. 2014).  However, "[a]n assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." *Id*. at 982.  Sister courts within our circuit have required, at a minimum, a showing of some "circumstance over which [a petitioner] had little or no control" that prevented him or her from asserting the unexhausted claim in state court.  *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1211 (E.D. Nev. 2006); *see Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (adopting the "good cause" standard of procedural defaults in which "a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him").

Here, petitioner states that he had good cause for his failure to exhaust his claims because his access to his prison's law library has been restricted since March 2020 due to the COVID-19 pandemic.  ECF No. 1 at 41.  Although the recent restriction on petitioner's access to the law library is unfortunate, petitioner has provided no reasonable excuse, supported by sufficient evidence, for his failure to exhaust his claims in a timely manner.  Petitioner was convicted of his crimes and sentenced to prison in January 2016, *id*. at 1, and the factual predicates of petitioner's unexhausted claims were discoverable at the time of his trial in 2015.  Petitioner provides no insight into any circumstances that may have prevented his more than three-year delay in seeking to exhaust these claims.  Moreover, petitioner has failed to directly address the second and third requirements of *Rhines*—that his claims are not plainly meritless and that he has not engaged in abusive litigation tactics.

**Order**

Within sixty days of the date of service of this order, petitioner is ordered to show cause why his motion for a stay and abeyance should not be denied.  Petitioner is directed to address all three requirements of *Rhines* in his response.

---

proceedings.  *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017).

IT IS SO ORDERED.

Dated: ___July 1, 2020___   _____
UNITED STATES MAGISTRATE JUDGE

No. 206.