UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY JAMES MORALES, | Case No. 1:20-cv-00894-AWI-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR A STAY AND ABEYANCE OF PETITION |
| v. | |
| A. COVELLO, | ECF No. 7 |
| Respondent. | |

Petitioner Sonny James Morales, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner states one fully exhausted claim for relief: that the evidence at trial was insufficient to support his conviction. *Id*. at 5-6. Additionally, he moves for a stay and abeyance of his petition to exhaust the following two additional claims before the state courts: (1) that the prosecutor failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and (2) ineffective assistance of trial counsel.[1] *Id*. at 40-46. On July 1, 2020, we ordered petitioner to show cause why his motion for a stay and abeyance should not be denied. ECF No. 4. Petitioner responded with a renewed motion for a stay and abeyance, ECF No. 7, and a response to our order to show cause, ECF No. 8. Accordingly, we will discharge our order to show cause. ECF No. 4. Because petitioner has

---

[1] Petitioner did not state these claims in his petition.

1

failed to meet the requirements for a stay and abeyance under *Rhines*, the undersigned recommends that his motion to stay be denied.

**Discussion**

Petitioner seeks a stay and abeyance under the *Rhines* procedure.[2]  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Under *Rhines*, a stay and abeyance is available only where: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  544 U.S. at 277-78.  "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."  *Id.*  Therefore, a "stay and abeyance should be available only in limited circumstances."  *Id.*

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust."  *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014).  Although good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), a petitioner must do more than simply assert that he was "under the impression" that his claim was exhausted, *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).  "[U]nspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement."  *Blake*, 745 F.3d at 981.  Rather, "good

---

[2] Although petitioner exclusively seeks a stay under *Rhines*, an alternative procedure for the stay and abeyance of habeas petitions exists in our circuit under *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002).  As we stated in our order to show cause, a stay under *Kelly* would not likely provide petitioner the relief he seeks.  A stay under *Kelly* "does nothing to protect a petitioner's unexhausted claims from untimeliness."  *See King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009).  To be timely under *Kelly*, petitioner's new claims must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d) or (2) "relate back" to the claims contained in the original petition that were exhausted at the time of filing.  *See King*, 564 F.3d at 1143.  A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims.  *See Mayle v. Felix*, 545 U.S. 644, 659 (2005).  To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition.  *Id*.  Here, petitioner has waited until nearly the end of the federal statute of limitations period to file his federal habeas petition and his new claims do not appear to relate back to his original claim.

1  cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient
2  evidence, to justify" his failure to exhaust his claims. *Id*. at 982.

3  Petitioner has failed to set forth any "reasonable excuse, supported by sufficient evidence
4  to justify" his failure to exhaust his claims. *Id*. Petitioner states that he has was unable to exhaust
5  his *Brady* and ineffective assistance of counsel claims because he recently discovered "further
6  facts" supporting his claims. ECF No. 1 at 40-46. However, the factual predicates of the claims
7  were discoverable to petitioner at the time of his trial in 2016. Petitioner has neither presented
8  evidence that shows why he was unable to ascertain these claims at that time, nor why he did not
9  seek habeas review of his claims after his conviction became final on direct appeal in January
10 2019. We recognize that petitioner was without counsel to assist him in filing habeas petitions
11 before the state courts, and "[a] petitioner who is without counsel in state post-conviction
12 proceedings cannot be expected to understand the technical requirements of exhaustion and
13 should not be denied the opportunity to exhaust a potentially meritorious claim simply because he
14 lacked counsel." *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). However, District Courts in
15 this Circuit have found that "*Dixon* does not apply and good cause is lacking when a [pro se]
16 petitioner has not filed any relevant state habeas petitions, particularly when there is evidence that
17 the petitioner has not been expeditious in seeking relief." *Stacy v. Gastelo*, No. CV 17-5482-
18 RGK (JPR), 2018 U.S. Dist. LEXIS 61656, at *2 (C.D. Cal. Feb. 20, 2018) (citing *Dixon*, 847
19 F.3d at 721) (finding no good cause for a *Rhines* stay where the petitioner did not file any habeas
20 petitions in state court); *see Sangurima v. Montgomery*, No. 2:17-cv-05022-PSG-KES, 2017 U.S.
21 Dist. LEXIS 217018, at *7-8 (C.D. Cal. Dec. 12, 2017) (same).

22 Petitioner also states that his prison's law library has been inaccessible since March 20,
23 2020. ECF No. 1 at 40-46. Petitioner's recent lack of access to the law library is not a justifiable
24 excuse for his failure to exhaust. Petitioner could have begun exhausting his claims at the state
25 level after his conviction was final on direct appeal in January 2019. Although petitioner's lack
26 of access to the law library is unfortunate, he has failed to show how this lack of access over the
27 past five months prevented him from timely exhausting his claims.

28

Finally, petitioner states that because he is a "layman of law," he was unable to timely exhaust his claims. ECF No. 8 at 2. However, mere ignorance of the law is insufficient to demonstrate good cause because such a determination "would render stay-and-abeyance orders routine" and would be contrary to *Rhines*' instruction that district courts should only stay mixed petitions in "limited circumstances." *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (noting that ignorance of the law does not constitute an excuse from due diligence); *Alcaraz v. Giurbino,* No. CIV S-05-1597, 2009 U.S. Dist. LEXIS 114017, at *2 (E.D. Cal. Dec. 8, 2009) (finding that ignorance of the law does not establish good cause for failure to exhaust).

Accordingly, the undersigned recommends that petitioner's motion for a stay and abeyance be denied.³ In the event these findings and recommendations are adopted by the district judge assigned to this case, petitioner will have the opportunity to proceed with his original petition, which contains his singular and fully exhausted claim.

**Findings and Recommendations**

The undersigned recommends that the court deny petitioner's request for a stay and abeyance. ECF No. 7. These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

---

³ Because petitioner has failed to meet the first prong of *Rhines*, we need not address the remaining prongs. However, we briefly note that petitioner's unexhausted claims do not appear "plainly meritless" because they state violations of "clearly established federal law," as required by § 2254(d)(1). And we have no reason to believe that petitioner engaged in "dilatory litigation tactics," such as "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 278.

IT IS SO ORDERED.

Dated: __August 11, 2020__      _____/s/ Jeremy Peterson_____
                                    UNITED STATES MAGISTRATE JUDGE

No. 206.